NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYSAN SCOTT,** <br><br> **Plaintiff,** <br><br> v. <br><br> **NEW JERSEY STATE POLICE, ET AL.** <br><br> **Defendant.** | Civ.No. 2:14-4553 (WJM) <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Tysan Scott brings this action against the New Jersey State Police and a number of John and Jane Does whose names are unknown, seeking redress under 42 U.S.C § 1983 and the New Jersey common law. This matter comes before the Court on Defendant New Jersey State Police's Rule 12(b)(6) motion to dismiss for failure to state a claim and Plaintiff's request for leave to file an amended complaint. For the reasons set forth below, both motions are **GRANTED**.

**I.   BACKGROUND**

On July 18, 2014, Plaintiff filed this lawsuit alleging that the New Jersey State Police and one or more unknown individuals committed tortious conduct and violated his civil rights while arresting him. ECF No. 1. The complaint alleges that on August 20, 2012, Plaintiff was beckoned by a man in plain clothes who did not present a police badge or otherwise identify himself as a state police officer. (Compl. at ¶3). Unaware that the man was in fact a State police officer, Plaintiff alleges that he became apprehensive and began to flee until the officer commanded Plaintiff to stop and threatened to shoot him. (*Id.* at 4). Plaintiff alleges that after hearing the command, he stopped and voluntarily fell to the ground. Upon approaching Plaintiff, the officer allegedly proceeded to physically assault Plaintiff and make

1

derogatory comments regarding his race.  (*Id*. at ¶ 5-6).  Plaintiff further alleges that he was charged with several disorderly persons offenses, which were later dismissed.  (*Id*. at ¶10).  According to Plaintiff, this ordeal caused him severe psychological and physical injury.  (*Id*. at ¶5).

Counts One and Two in the complaint allege that Defendants committed tortious conduct: Count One asserts that Defendants were "negligent and careless as defined and delineated by the New Jersey Tort Claim Act," (*Id*. at ¶ 16), whereas Count Two claims that Defendants committed "an assault and battery" and "intentional acts which constituted false imprisonment."  (*Id*. at ¶ 20). Count Three seeks redress under 42 U.S.C. § 1983 on the grounds that Defendants violated Plaintiff's rights under the United States Constitution.   (*Id*. at ¶ 27).

The New Jersey State Police ("NJSP") now moves to dismiss all claims against it on the ground that the complaint fails to state a claim upon which relief can be granted.  ECF. 3.  It contends that the tort claims in Counts One and Two must fail because Plaintiff failed to file a notice of claim within 90 days as required by § 59:8-8 of the New Jersey Tort Claims Act ("TCA").  (MTD at 3).  It further contends that Count Three as against the NJSP must be dismissed because the NJSP is not a person within the meaning of 42 U.S.C. § 1983. (*Id*. at 5).

In response, Plaintiff first clarifies that the alleged incident occurred on July 26, 2012, not August 20, 2012.  (Opp. at 2).  Moreover, he asserts that Plaintiff's counsel filed a notice of claim pursuant to § 59:8-8 on October 12, 2012.  (*Id*. at 4).  Plaintiff contends that reference to the October 12, 2012 notice of claim was omitted from the complaint because Mr. Terry Ridley, who was lead counsel to Plaintiff at the time the notice of claim was allegedly filed, passed away while handling this case. (*Id*. at 2).  Plaintiff's new lead counsel was allegedly unaware of the October 12, 2012 notice of claim until he recovered it from Mr. Ridley's files after the NJSP filed its motion to dismiss.  (*Id*. at 3).  Plaintiff also contends that his counsel made repeated requests to the NJSP for the name of the officer involved in the alleged incident, and did not receive the officer's name until September 18, 2014.  (*Id*. at 3-4).

In addition to opposing the NJSP's motion to dismiss, Plaintiff requests that the Court grant him leave to file an amended complaint so that he can (1) change the date of the alleged incident; (2) reference the October 12, 2012 notice of claim; and (3) include the name of an individual officer – Trooper A. Sardanopoli – who was allegedly involved in the incident.

2

## II. DEFENDANT'S MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

### A. Counts 1 and 2

The NJSP argues that Counts 1 and 2 must be dismissed because Plaintiff did not provide the NJSP with pre-suit notice of his claim pursuant to N.J.S.A. 59:8-8. (MTD at 3). "Under the New Jersey Tort Claims Act, an individual may not sue a public entity or public employee unless he provides the entity with a pre-suit notice of the claim." *Martin v. Unknown U.S. Marshals*, 965 F.Supp.2d 502, 550 (D.N.J. 2013) (citing N.J.S.A. 59:8-3). Such notice must be presented within 90 days of the accrual of the action and must provide specific information about the alleged injury. *See* N.J.S.A. 59: 8-4; 59: 8-8. Here, the complaint makes no reference to a notice of claim. Therefore, Counts 1 and 2 are **DISMISSED WITHOUT PREJUDICE.**

### B. Count 3

The NJSP argues that Count 3 must be dismissed as against the NJSP because the NJSP is not a person within the meaning of § 1983. (MTD at 5). § 1983 provides for civil actions against "person[s]" for the deprivation of "any rights, privileges, or immunities secured by the Constitution and laws…." 42 U.S.C. § 1983. However, a state is not a "person" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Because the NJSP is an arm of the state, it cannot be sued under § 1983. *Smith v. State of New Jersey, et al.,* 908 F.Supp.2d 560, 563 (D.N.J. 2012). Therefore, Count 3 as against the NJSP is **DISMISSED WITH PREJUDICE.**

## III. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

Plaintiff requests leave to amend his complaint so that he can (1) change the date of the incident; (2) include allegations related to an October 12, 2012 notice of claim; and (3) add Trooper Trooper A. Sardanopoli as an individual defendant in place of one of the fictitious John Doe Defendants.

Once a party is no longer permitted to amend its complaint as a matter of course, as is the case here, a party "may amend it pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2). In the absence of substantial or undue prejudice to the nonmoving party – which "is the touchstone for the denial of an amendment" – denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *USX Corp. v. Barnhart,* 395 F.3d 161, 166 (3d Cir. 2004) (citing *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413-14 (3d Cir. 1993)).

### A.  Amending the Date of the Incident

The NJSP argues that Plaintiff should not be permitted to amend his complaint to change the date of the alleged incident because such an amendment would be futile. Specifically, it argues that any amended complaint would be time-barred because the applicable two-year statute of limitations for Plaintiff's claims expired on July 26, 2014. (Reply at 8). Therefore, the key issue is whether an amended complaint would relate back to the date of the original complaint (July 18, 2014): if it relates back, then Plaintiff's amended complaint would not be futile and his request for leave to amend should be granted.

"Given the liberal standard applied to the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Le v. Five Fathoms, Inc.,* No. CIV. 91-3168, 1992 WL 471246, *2 (D.N.J. Aug. 14, 1992). If it is apparent that the amendment would not survive a motion to dismiss, a court may properly deny leave to amend. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir. 1983). However, if a proposed amendment is not clearly futile, the court should grant leave to amend. *Five Fathom, Inc.,* at *2 (citing 6 Wright, Miller & Coin, *Federal Practice and Procedure* § 1487 at 637 642 (2d ed. 1990).

As previously stated, an amendment in this case would be futile if it would not relate back to the date of the original pleading. Under Federal Rule of Civil Procedure 15(c) a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c); *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004).

The Court finds that the proposed amendment would relate back and is therefore not futile. Despite mistakenly alleging that the relevant incident occurred on August 20, 2014 instead of July 26, 2014, Plaintiff's complaint put Defendant on sufficient notice of the "general fact situation and legal theory upon which [he]

4

proceeds." *Bensel*, 387 F.3d at 310.  The complaint provides Plaintiff's full name, the address where the alleged incident occurred, the unlawful conduct alleged, the jail where Plaintiff was held, the hospital where he was treated for his injuries, and the nature of the criminal charges he faced after his arrest.  The Court will therefore grant Plaintiff leave to amend the date of the alleged incident.

### B. Adding the October 12, 2012 Notice of Claim

Plaintiff also requests leave to add the allegation that he filed a notice of claim with the NJSP on October 12, 2012.  (Opp. at 6).  In response, the NJSP contends that N.J.S.A § 59:8-8 bars recovery because Plaintiff did not mail the October 12, 2012 notice of claim by certified mail and the NJSP has no record of receiving it.  (Reply at 5-6).

The NJSP is correct that where a notice of claim under § 59:8-8 is sent by ordinary mail, there will be no presumption of receipt.  *See* N.J.S.A § 59:8-10; *Zois v. New Jersey Sports & Exposition Auth.,* 286 N.J.Super. 670, 673 (App.Div. 1996). Instead, the plaintiff must make some showing that the entity did indeed receive the notice.  *See Mittra v. University of Medicine and Dentistry of New Jersey*, 316 N.J.Super. 83, 93 (App.Div. 1998).

However, because Rule 15(a) "embodies a liberal approach to amendment," *Dole v. Arco Chem. Co.,* 921 F.2d 484, 486 (3d Cir. 1990), the Court will grant Plaintiff leave to amend his complaint to include allegations regarding the October 12, 2012 notice of claim.  Plaintiff's counsel has submitted that his firm sent a notice of claim on October 12, 2012, but has not indicated whether his office sent it by certified mail or whether Defendant ever confirmed receipt.  While the information regarding the alleged October 12, 2012 notice of claim is presently vague, the Court is not persuaded that an amendment would be "clearly futile," especially at this early stage in the case.  *See Gaines v. Fusari*, No. 11-4433, 2012 WL 3018293, *6 (D.N.J. Jul. 24, 2012).  Plaintiff's request for leave to add this allegation is therefore granted.

### C. Adding Trooper Saradanopoli

Plaintiff also requests leave to add Trooper Saradanopoli to his complaint in place one of the currently named John Does 1-12.  (Opp. at 6).  The NJSP similarly argues that this request should be denied for futility reasons because of the two-year statute of limitations.  (Reply at 6).

The fictitious party rule governs whether a claim against Trooper Saradanopoli would relate back to the date of the original pleading.  *See McGill v. John Does A-Z*, 541 Fed.Appx. 225, 227 (3d Cir. 2013) (New Jersey's fictitious party rule applies to tort and § 1983 claims).  It provides that "[i]n any action, … if the defendant's name is unknown to the plaintiff, process may issue against the

defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." N.J.R. 4:26-4. Under the rule, the statute of limitations will be tolled "if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint." *DeRienzo v. Harvard Instrustries, Inc.,* 357 F.3d 348, 353 (3d Cir. 2004) (citing *Farrell v. Votator Div. of Chemetron Corp.,* 62 N.J. 111, 299 A.2d 394, 396 (1973)). There is no bright line rule for what constitutes adequate due diligence under the fictitious persons rule. *Id*. However, it is widely understood that plaintiffs must "investigate all potentially responsible parties in a timely manner" for the rule to apply. *Id*. (citing *Matynska v. Fried*, 175 N.J. 51, 811 A.2d 456, 457 (2002)). A court may also consider factors that relate to the "interests of justice." *See Claypotch v. Heller*, 360 N.J. Super 472, 480 (App.Div. 2003).

In this case, the Court finds that Plaintiff exercised reasonable diligence entitling him to tolling under the fictitious party rule, especially in light of the fact that lead counsel to Plaintiff passed away while prosecuting this action. In a sworn declaration, counsel to Plaintiff indicated that he requested relevant information from the Paterson Municipal Court, which provided the name of Trooper Saradanopoli. (*Id*. at ¶17). Moreover, an exhibit attached to Plaintiff's opposition shows that Plaintiff's counsel requested from the Passaic County Prosecutor's Office all discovery related to Plaintiff's arrest. (Plf's Opp., Ex. E). Moreover, the NJSP does not allege that adding Trooper Saradanopoli as a defendant would result in any prejudice. *See Claypotch*, 360 N.J. Super at 820 (prejudice to a defendant is a "crucial factor" in the fictitious party rule analysis). Therefore, amending the complaint to name Trooper Saradanopoli as a defendant would not be futile.

The NJSP also asserts that the TCA's notice requirement automatically bars any tort claims against Trooper Saradanopoli because Plaintiff's own exhibits reveal that his notice of claim did not name Trooper Saradanopoli – or any other officers – as individuals. (Reply at 7). However, the New Jersey Supreme Court has held that where a plaintiff sues a public employee, N.J.S.A. § 59:8-8 only requires that notice be sent to the public entity that employs the defendant. *Velez v. City of Jersey City,* 850 A.2d 1238, 1246 (N.J. 2004); *see also* N.J.S.A. § 59:8-10(c) ("Service of the notice required by this chapter upon the public entity shall constitute constructive service upon any employee of that entity"); N.J.S.A. § 59:8-4(e) (a claim shall include "[t]he name or names of the public entity, employee or employees causing the injury, damage or loss, *if known*…") (emphasis added); *Henderson v. Herman*, 373 N.J. Super. 625, 633 (App.Div. 2004) (TCA requirements were met where plaintiff sent public entity notice of claim indicating that unnamed "dispatchers" committed wrongdoing).

6

Because the notice of claim Plaintiff allegedly sent on October 12, 2012 indicates that individual officers from the NJSP violated Plaintiff's rights, it would meet the TCA's notice requirements with respect to Trooper Saradanopoli. (Opp., Ex. C). Of course, Plaintiff will only be able to maintain his tort claims if he can adequately plead that the NJSP actually received the October 12, 2012 notice – but that issue has yet to be determined. At this early stage in the litigation, the Court will grant Plaintiff's request for leave to amend.

## IV. CONCLUSION

For the reasons stated above, the NJSP's motion to dismiss is **GRANTED**. Counts 1 and 2 of the Complaint are **DISMISSED WITHOUT PREJUDICE** and Count 3 as against the NJSP is **DISMISSED WITH PREJUDICE**. Plaintiff's request for leave to amend is also **GRANTED**. Plaintiff shall have **30 DAYS** leave to amend. An appropriate order follows.

                                        /s/ William J. Martini  
                              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 15, 2014**