NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYSAN SCOTT,**<br><br>Plaintiff,<br><br>v.<br><br>**NEW JERSEY STATE POLICE** *et al.***,**<br><br>Defendants. | Civ.No. 2:14-4553 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Tysan Scott alleges that Defendants violated his rights while arresting him on July 26, 2012. This matter comes before the Court on Defendants' motion to dismiss. For the reasons stated below, the motion will be **GRANTED in part and DENIED in part.**

I.   BACKGROUND

The Court writes primarily for the parties, and assumes familiarity with the facts, decisions, and records of the case. The following is a brief discussion of the facts germane to the instant motion.

In July 2014, Scott filed a complaint against the New Jersey State Police ("NJSP") and one or more fictitious individuals whose identities had yet to be determined. Asserting tort claims and a claim under 42 U.S.C. §1983, Scott's first complaint alleged that Defendants violated his rights while arresting him. In an October 15, 2014 opinion and order, the Court granted Defendants' motion to dismiss, but also granted Scott's request for leave to amend.

Scott's second amended complaint ("SAC")[1] contains largely the same factual allegations as the first complaint; however, it makes two noteworthy additions. First, it

---

[1] Prior to filing the instant motion to dismiss, Defendants consented to Scott filing a second

1

adds Trooper Saradanopoli in place of one of the fictitious "John Does" named in the original complaint. Second, it includes the allegation that on October 12, 2012, Scott sent Defendants a proper notice of claim as defined in N.J.S.A. 59:8-8, *et seq*. The SAC asserts five counts: Counts One and Two appear to allege tort claims, whereas Counts Three, Four, and Five seek relief under 42 U.S.C. §1983.[2] Defendants now move to dismiss the SAC in its entirety.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### A. Tort Claims (Counts One and Two)

Defendants argue that the tort claims must be dismissed because Scott has failed to plead compliance with the New Jersey Tort Claims Act ("NJTCA"). The Court agrees. Before filing a tort action against a public entity or public employee, a potential plaintiff must comply with the notice of claim requirements laid out in the NJTCA. N.J.S.A. 59:8-

---

amended complaint.

[2] It is difficult to discern the substance of each cause of action that Scott alleges in the SAC. However, the SAC can be broken into two general categories: tort claims alleged against Trooper Saradanopoli and the NJSP, and Section 1983 claims alleged against only Trooper Saradanopoli.

3; *Velez v. City of Jersey City*, 180 N.J. 284, 291 (2004).  Specifically, the plaintiff must submit a notice of claim to the public entity within ninety days of the accrual of the cause of action.  N.J.S.A. 59:8-8.  Courts have uniformly interpreted the NJTCA to provide that "[n]otice which is neither delivered nor mailed by certified mail fails to comply with the statute, and there is no presumption of receipt on mailing by ordinary mail."  *Mittra v. Univ. of Medicine and Dentistry of New Jersey*, 316 N.J.Super. 83, 94 (N.J. Super. Ct. App. Div. 1996) (citing *Zois v. New Jersey Sports & Exposition Auth.*, 286 N.J.Super. 670, 673 (N.J. Super. Ct. App. Div. 1996)).  Here, Defendants have presented evidence showing that they never received a notice of claim related to Scott's July 26, 2012 arrest.  In response, Scott's attorney claims that he "sent out" a notice of claim to the State Attorney General on October 12, 2012.[3]  What Scott's attorney does not claim, however, is that he sent the notice of claim by certified mail, nor has he provided any evidence to rebut Defendants' representation that they never received it.  Because Scott has at most alleged that he sent the notice by ordinary mail, there is no presumption of receipt.  Therefore, Scott has failed to plead compliance with the NJTCA and his tort claims must be **DISMISSED WITH PREJUDICE**.  *See, e.g., County Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 174 (3d Cir. 2006) (citing N.J.S.A. 59:8-3 and -8).

   B.  <u>Section 1983 Claims (Counts Three to Five)</u>

After dismissing the tort claims, only the Section 1983 claims against Trooper Saradanopoli remain.  Defendants argue that the Section 1983 claims are time barred.  Section 1983 claims brought in New Jersey are subject to a two-year statute of limitations.  *See, e.g., Genty v. Resolution Trust, Corp.* 937 F.2d 899, 919 (3d Cir. 1991).  The statute of limitations inquiry in this case turns on New Jersey's fictitious party rule.  The fictitious party rule provides that a plaintiff may identify a defendant by a fictitious name before the statute of limitations expires.  *Claypotch v. Heller, Inc.*, 360 N.J. Super. 472, 480 (N.J. Sup. Ct. App. Div. 2003).  The plaintiff may then substitute the fictitious name with the defendant's true name, and the amended complaint would relate back to the date of original complaint even if the limitations period has run.  *Id.*  In this case, Scott's initial complaint was timely, but his amended complaint replacing a John Doe Defendant with Trooper Saradanopoli was not filed until after the limitations period had expired.  Under the fictitious party rule, the SAC would relate back to the date the original complaint was filed, and the Section 1983 claims against Trooper Saradanopoli would not be time barred.

However, Scott can only avail himself of the fictitious party rule if he proceeded "with due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint to correctly identify that defendant."  *Id.*  "The meaning of due diligence will

---

[3] Scott also notes that in August 2012 he sent a complaint to Defendants regarding his July 26, 2012 arrest.  He does not allege, however, that the complaint complied (or even substantially complied) with the substantive requirements outlined in the NJTCA.  *See* N.J.S.A. 59:8-4; *Williams v. City of Elizabeth*, No. 08-5113, 2010 WL 3636238, *14 (D.N.J. Sept. 9, 2010).

vary with the facts of each case." *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 354 (3d Cir. 2004). "The New Jersey Supreme Court has instructed that [a] court should broadly interpret the diligence requirement to one of a 'good faith' effort to determine the fictitious party's identity." *Prystowsky v. TGC Stores*, Inc., 2011 WL 3516174, *4 (D.N.J. 2011) (citing *Farrell v. Votator Div. of Chemetron Corp.*, 299 A.2d 394, 396 (N.J. 1973)). Moreover, "a motion to dismiss on statute-of-limitations grounds in the context of fictitious party practice is governed by the 'interests of justice.'" *Baker v. J.J. De Luca Co.*, L-1393096, 2008 WL 4648235, at *10 (N.J. Sup. Ct. App. Div. Oct. 10, 2008).

Having reviewed the record, the Court concludes that Scott was sufficiently diligent in ascertaining Trooper Saradanopoli's identity. Specifically, Scott's counsel sent a letter to the County prosecutor requesting Scott's criminal file; inquired with a staff member at the Passaic County Superior Court; requested information from Scott's criminal attorney on several occasions; spoke with staff members at the Patterson Municipal Court; and sought leave to amend the complaint shortly after learning the Trooper's name. Defendants primarily argue that Scott could have retrieved the criminal record from the Paterson Municipal Court, which would have revealed that Trooper Saradanopoli was the arresting officer. However, Scott's attorney has certified that staff members at that court initially informed him that they did not possess the criminal file. *See DeRienzo*, 357 F.3d at 355 (amended complaint may relate back under fictitious party rule where the delay in amendment was caused by misinformation). Moreover, lead counsel to Scott passed away while prosecuting this matter, which understandably may have caused some delay. And while Scott likely could have done more to ascertain Trooper Saradanopoli's identity, "the fictitious party rule does not require exhaustion of every possible avenue of discovery." *Davis v. Egbert*, No. 07-2135, 2010 WL 99113, *4 (D.N.J. Jan. 6, 2010) (citing *DeRienzo*, 337 F.3d at 356).

Finally, a critical component of the fictitious party rule inquiry is whether the newly added defendant will be substantially prejudiced. Substantial prejudice may arise from "destruction or alteration of evidence after the initial discovery period, frustration of attempts at subsequent examination, or witness unavailability or memory lapse due to delay." *DeRienzo*, at 356 (citing *Farrell*, 299 A.2d at 400). Here, Defendants do not explain how Trooper Saradanopoli would be prejudiced. Moreover, Scott first indicated that he wished to name Trooper Saradanopoli only two months after the statute of limitations had expired. So while there was delay in adding the Trooper to the complaint, the delay was not excessive. Scott may proceed with his Section 1983 claims against Trooper Saradanopoli.

4

## III. CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED in part and DENIED in part**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 16, 2015**